## SEUFERT et al. v. COMMERCIAL NAT. BANK IN SHREVEPORT, LA., et al.

### No. 633.

District Court, W. D. Louisiana, Shreveport Division.

Nov. 28, 1935.

Dickson & Denny, Mabry & Carstarphen, and Harry V. Booth, all of Shreveport, La., for complainants.

Lee & Lee, Herold, Cousin & Herold, and Cook & Cook, all of Shreveport, La., for respondents.

DAWKINS, District Judge.

This was a mandamus proceeding, filed in the state court for Caddo parish, to compel the liquidators of the Commercial National Bank of Shreveport and others, having custody of the books, papers, and records of the said former bank, to permit an inspection and audit thereof, for the benefit of petitioners, as stockholders. The cause was removed here on the theory that it was a proceeding arising under the laws of the United States, particularly the provisions for the liquidation of national banks; and, while conceding this court would be without power to issue a writ of mandamus, it is contended that the plaintiffs could, in effect, be compelled to reform their demand in a manner to obtain appropriate relief, probably through injunction, prohibitory or mandatory. Plaintiffs have moved to remand.

No cases directly in point have been cited, that is, where the only relief sought was an inspection of records by stockholders of an insolvent national bank in liquidation, without demand for relief with respect to the property, affairs, or conduct of the business of the bank, although some are cited where such affirmative relief was asked. The plaintiffs may contemplate some such action if the audit should reveal facts to justify the same, and, when and if this is done, I think it will be time enough to invoke the jurisdiction of this court. As the matter now stands, petitioners' proceeding is one which it was entitled to maintain in the state court, and I do not think involves any interpretation, construction, or application of the federal statutes relating to the liquidation of national banks. The case will be remanded, as prayed for.

Proper decree should be presented.